**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-6644**

_____

WILLIAM HENRY TAYLOR, JR.,

              Plaintiff - Appellant,

        v.

OFFICER OLLIE, (MJO) (Security) Inmate Kitchen Supervisor;
MR. SAMUEL, Aramark Food Corporation (Kitchen) Inmate
Supervisor; M. S. PAMELA, Inmate Supervisor (Kitchen)
Aramark Food Corporation,

              Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Mark S. Davis, District
Judge.   (2:09-cv-00320-MSD-JEB)

_____

Submitted: August 26, 2010      Decided: September 3, 2010

_____

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

William Henry Taylor, Jr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Henry Taylor, Jr., a Virginia prisoner, seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2006) action without prejudice. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on January 29, 2010. The notice of appeal was filed on April 23, 2010.* Because Taylor failed to file a timely notice of appeal or to timely obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED